## Moritz Ertl et al., v. Samuel Lehmann et al.
## Mathias Freres, Appellee, v. Samuel Lehmann et al., Defendants.
## On Appeal of Louis Henry et al., Appellants.

### Gen. No. 19,085.

APPEALS AND ERRORS—*dismissed when parties have no interest.* When the appellants are shown to have no interest in the subject matter of the suit, the appeal will be dismissed on the court's own motion.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Appeal dismissed. Opinion filed January 28, 1913.

JOSEPH KOHN and HENRY & ROBINSON, for certain appellants.

FRED PLOTKE and GEORGE E. SWARTZ, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

On September 26, 1910, Moritz Ertl and Max Robinson, as trustee, brought suit for the foreclosure of a second mortgage or trust deed given by Samuel Lehmann and Mary Lehmann, without making the owners of a first mortgage or trust deed parties defendant. Thereafter David J. Berlin was appointed receiver to collect the rents, etc. On September 26, 1911, Mathias Freres brought suit for the foreclosure of the first mortgage. Thereafter the cases were consolidated, and on October 7, 1912, an order was entered which among other things provided "that the receivership of said David J. Berlin, receiver, in the case of Moritz Ertl et al. v. Samuel Lehmann et al., be and the same is hereby extended to cover and include the cause of

Mathias Freres v. Samuel Lehmann et al., in accordance with the prayer of complainant's bill of complaint and that said David J. Berlin be, and he is hereby appointed receiver under the prayer of the bill of complaint in said cause of Mathias Freres v. Samuel Lehmann et al.''

From the order referred to, this appeal has been taken by Louis Henry, David J. Berlin as receiver, and Max Robinson as trustee. It is claimed that the court erred in entering this order without requiring Mathias Freres, the complainant in the second suit, to file a bond under the provision of section 53, chapter 22 of the Revised Statutes.

Appellant David J. Berlin was the receiver appointed, as heretofore stated, on the application of the complainants in the first bill, and accepted the appointment giving the required bond. We fail to see that he has an appealable interest in the present proceeding. The appellant Max Robinson, trustee, was a trustee in the second trust deed securing the notes owned by Ertl. He was a mere nominal party, and he, likewise has no appealable interest. The third appellant is Louis Henry, who was made a defendant to the foreclosure of the first mortgage, the bill alleging that he claimed to have some interest, the nature of which was not known. He filed no answer, but by stipulation of counsel the bill in the Ertl case was made to stand as his answer in the Freres case. His name was not mentioned in the bill in the Ertl case, and therefore it does not appear that he has any interest in the proceeding. The property involved in both cases is the same, and the suits were properly consolidated.

As none of the appellants is shown to have any interest in the subject-matter of the suit, we find it unnecessary to discuss the question as to whether or not the statute requiring a complainant's bond applies in a consolidated case where a receiver has already been appointed at the instance of the complainants in the

proceeding first instituted. It would appear that the real parties in interest are in no way prejudiced by the order as entered. It is fully within the power of the chancellor to control the application of the rents collected by the receiver, and it must be assumed that this power will be properly exercised.

Other parts of the order are objected to by the appellants, but they are not matters which can be inquired into by this court under the provisions of the statute with respect to appeals from interlocutory orders.

No motion to dismiss the appeal has been made by the appellees, but we deem that the proper order to enter in the case. The appeal will therefore be dismissed.

*Appeal dismissed.*